IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD G. BRUCHI, and TODD J. WALKER,** | CIVIL ACTION NO. |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| **AUDUBON FIELD SOLUTIONS, LLC** | |
| Defendant. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Richard G. Bruchi and Todd J. Walker (sometimes collectively referred to as "Plaintiffs"), through their undersigned counsel, hereby file this Complaint against Defendant Audubon Field Solutions, LLC, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 201, *et seq.* and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial District, and Audubon Field conducts business in this judicial District.

## PARTIES

3. Plaintiff Richard G. Bruchi ("Mr. Bruchi") is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendant as a Construction Representative. A copy of Mr. Bruchi's consent to join is attached hereto as "Exhibit A."

1

4.  Plaintiff Todd J. Walker ("Mr. Walker") is an individual residing in Jefferson Parish, Louisiana and formerly was employed with Defendant as Construction Representative. A copy of Mr. Walker's consent to join is attached hereto as "Exhibit A."

5.  Defendant Audubon Field Solutions, LLC ("Defendant" or "Audubon Field") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Samuel M. Rosamond, III, 1515 Poydras Street, Suite 1900, New Orleans, LA 70112.** Defendant is an "employer" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

6.  Defendant provides field and pipeline services to the global oil & gas, petrochemical and refining, transmission and power generation markets, and its officers and employees routinely travel and communicate across state lines to transact business. Thus, Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.  Defendant's annual gross volume of business exceeds $500,000.

8.  Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

9.  Between approximately March 2004 and the present, Mr. Bruchi has been employed as a Construction Representative with Defendant.

10. Between approximately August 2013 and September 2016, Mr. Walker was employed as a Construction Representative with Defendant.

11. Defendant improperly misclassified Plaintiffs as exempt from the overtime

requirements of the FLSA because, *inter alia*, they did not earn a guaranteed salary of at least $455 per week. Thus, Defendant's compensation system fails to satisfy the salary basis requirement necessary to qualify for an exemption under the FLSA. *See* 29 C.F.R. § 541.602.

12. Plaintiffs regularly worked more than forty (40) hours in a workweek for Defendant, but were not paid overtime wages for all the time worked. When Plaintiffs worked over forty (40) hours in a week, Defendant still paid them their normal "straight-time" rate. Plaintiffs often worked between 50 and 105 hours per week while employed with Defendant.

13. Defendant has a policy or practice of failing to compensate Plaintiffs for all overtime hours worked based on their intentionally misclassifying Plaintiffs as exempt from overtime under the FLSA.

14. Because of Defendant's misclassification of Plaintiffs, Defendant did not pay Plaintiffs in accordance with the FLSA.

15. Defendant has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiffs for hours worked in excess of forty (40) during the workweek.

## FIRST CAUSE OF ACTION
(Violation of the FLSA'S Overtime Requirements)

16. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

17. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

18. At all relevant times, Defendant is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §

203(d).

19. At all relevant times, Plaintiffs are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

20. Plaintiffs are not exempt from the requirements of the FLSA.

21. Defendant's compensation scheme applicable to Plaintiffs failed to comply with the FLSA and therefore Plaintiffs are entitled to be paid overtime for hours worked over forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

22. Defendant knowingly failed to compensate Plaintiffs at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

23. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employees for the wages or expenses that were intentionally not paid, liquidated damages, attorneys' fees and court costs

24. In violating the FLSA, Defendant acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

## **DEMAND FOR JURY**

25. Plaintiffs hereby demand a trial by jury for all issues in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

(i) A judgment against Defendant awarding Plaintiffs back pay damages (including unpaid overtime compensation and unpaid wages) and an equal amount, as liquidated damages;

(ii) An order awarding litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

  (iii) Prejudgment interest to the fullest extent permitted under the law; and

  (iv) Such other and further relief as this Court deems just and proper.

Dated: October 21, 2016        Respectfully Submitted:

                  **WILLIAMS LITIGATION, L.L.C.**

                  By: s/Christopher L. Williams
                  Christopher L. Williams
                  La. Bar Roll No. 32269
                  639 Loyola Ave., Suite 1850
                  New Orleans, LA 70113
                  Telephone: 504.308.1438
                  Fax: 504.308.1446
                  chris@williamslitigation.com

                  *Attorney for Plaintiffs*